IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Sophia Middleton, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:11-cv-03215-JMC |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Menlo Logistics, Inc., ) | |
| a/k/a Menlo Worldwide Logistics, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on the Magistrate Judge's Report and Recommendation [Dkt. No. 58], regarding Plaintiff Sophia Middleton's Complaint alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, as well as a state law claim for breach of contract against Defendant Menlo Logistics, Inc. The Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 58] recommends that Defendant's Motion for Summary Judgment [Dkt. No. 33] in the above-captioned case be denied as to Plaintiff's retaliation claim pursuant to Title VII and that summary judgment be granted in favor of Defendant on all other claims in the motion. The Report and Recommendation sets forth the relevant facts and legal standards, which this court incorporates herein without a recitation.

**STANDARD OF REVIEW**

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423

1

U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

This case arises out of Plaintiff's claim that she was wrongfully terminated in retaliation for making complaints about her supervisor. The Magistrate Judge's Report recommends that Defendant's summary judgment motion be denied as to Plaintiff's retaliation claim because Plaintiff presented evidence demonstrating a *prima facie* case of retaliation by showing that she was discharged by her manager, Mr. Shannon Williams, within a few weeks of complaining of relatiatory behavior towards her by her immediate supervisor, Mr. Melvin Jamison, following her sexual harassment claims against another male employee. Additionally, the Magistrate Judge noted that, although Defendant proffered a legitimate, non-retaliatory reason for Plaintiff's discharge, Plaintiff sufficiently established that there existed a genuine issue of material fact concerning whether Defendant's proffered reason was merely pretexual. The Magistrate Judge particularly focused on Plaintiff's claims regarding Defendant's selective application of its harassment policy. While Defendant asserted that Plaintiff's conduct in using vulgar language in reference to another female employee was more egregious than a situation in which a male employee allegedly made sexualized comments and engaged in inappropriate physical contact towards Plaintiff but was not terminated, the Magistrate Judge determined that a jury could find the latter conduct comparable but equally or more harassing than Plaintiff's conduct. *See* Report (citing *Hartsell v. Duplex Prod., Inc.*, 123 F.3d 766, 773 (4th Cir. 1997) (suggesting that inappropriate touching and sexual proposition could be

2

enough to establish harassment) and *Jordan v. Alternative Resources Corp.*, 467 F.3d 378, 379-80 (4th Cir. 2006) (generally discussing "Title VII jurisprudence that recognizes a difference between an isolated racial slur, which is always and everywhere inappropriate, and the sort of severe or pervasive conduct that creates a hostile work environment")). Using this comparison as an example, the Magistrate Judge concluded that a reasonable jury could find that Defendant's knowledge and disparate treatment of this serious violation of the harassment policy supported Plaintiff's claim of pretext.

Defendant timely filed objections to the Report and Recommendation asserting that the Magistrate Judge erroneously recommended the denial of summary judgment on Plaintiff's retaliation claim. Specifically, Defendant contends that the Magistrate Judge mistakenly found that Plaintiff had sufficiently presented a *prima facie* case of retaliation and adequately demonstrated facts in support of her allegations of pretext. First, Defendant objects that the Magistrate Judge incorrectly found that Plaintiff engaged in protected activity. Specifically, Defendant contends that Plaintiff did not expressly allege any retaliatory conduct until she filed an affidavit in response to Defendant's motion. The Magistrate Judge directly addressed this issue in the Report, finding that the affidavit only supplemented prior deposition testimony and noted that the deposition did not include any specific questions regarding Plaintiff's belief for the basis of Jamison's behavior - retaliatory or otherwise. However, the Magistrate Judge noted that the deposition sufficiently suggested a relatiatory connection between Plaintiff's harassment complaint and her subsequent complaints regarding Jamison's behavior, and further that Plaintiff was not required to use any "magic words" to invoke the protections under Title VII. *See Okoli v. City of Baltimore*, 648 F.3d 216, 224 (4th Cir. 2011). Upon review of the record, the court finds that the Magistrate Judge appropriately addressed this issue and Defendant's objection is without merit.

Defendant further objects that the Magistrate Judge erroneously found a causal connection between Jamison's management of Plaintiff and her prior complaints of sexual harassment.

3

However, the Magistrate Judge correctly focused her inquiry on the causal connection between Plaintiff's complaint of retaliation made to Williams and her termination several short weeks later. Additionally, Defendant's objection that the Magistrate Judge incorrectly relied only on temporal proximity to find a causal connection is not supported by the record. While the Magistrate Judge noted that Defendant terminated Plaintiff's employment within weeks of her complaint to Williams regarding Jamison's actions towards her, the record also includes several supporting affidavits attesting to conduct by Jamison which a jury could characterize as adverse employment actions. Accordingly, this objection is also without merit. *See Warren v. Halstead Industries, Inc*., 802 F.2d 746, 757, 758 (4th Cir. 1986) (finding that temporal proximity, with other relevant evidence, may sufficiently demonstrate a causal connection and pretext).

Finally, Defendant contends that the Magistrate Judge incorrectly concluded that Plaintiff adequately demonstrated pretext for Defendant's reason for her termination. Particularly, Defendant contends that Plaintiff failed to demonstrate that she was similarly situated to the male employee to whom the Magistrate Judge compared Plaintiff in the pretext discussion. The court initially notes that the Magistrate Judge accurately found that Plaintiff could establish pretext by showing Defendant's selective application of its harassment policy. By way of example, the Magistrate Judge compared Plaintiff's use of vulgar language to a male employee's inappropriate sexual comments and unsolicited physical touching. However, the Magistrate Judge also noted that the language for which Plaintiff was terminated was often used by other employees, and the record includes evidence indicating that these other employees suffered no similar recourse for their use of such language. Accordingly, even if Plaintiff is not similarly situated to the male employee to whom she was directly compared in the Report, the record is replete with other circumstances which may support her claim of pretext.

## CONCLUSION

After a thorough review of the Report and Recommendation and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 58]. It is therefore **ORDERED** that Defendant's Motion for Summary Judgment [Dkt. No. 33] in the above-captioned case is **GRANTED IN PART AND DENIED IN PART**. Specifically, Defendant's motion is denied as to Plaintiff's retaliation claim and is granted as to all other claims in the motion.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 4, 2013
Greenville, South Carolina